

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------X
:
ARACELIS SALAZAR, TERESA MORENO, and :
ANTONIA BONITA, individually and on  :
behalf of others similarly situated, :    12 Civ. 3132 (KBF)
                                     :
                Plaintiffs,          :    ORDER
                                     :
        -v-                          :
                                     :
NIKY'S LAUNDRY PLACE, INC., et al.,  :
                                     :
                Defendants.          :
                                     :
------------------------------------X

KATHERINE B. FORREST, District Judge:

On October 8, 2012, it was reported to the Court that the parties in the above-captioned action had reached a settlement and sought to voluntarily dismiss the action. Because stipulated settlements in an action brought pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 et seq., must be approved by the Court in the absence of the direct supervision of the Secretary of Labor, see D.A. Schulte, Inc. v. Gangi, 328 U.S. 108, 66 S.Ct. 925, 90 L.Ed. 1114 (1946); Manning v. New York Univ., No. 98 Civ. 3300, 2001 WL 963982, at *11-12 (S.D.N.Y. Aug. 22, 2001), the parties submitted a copy of the settlement agreement for in camera review and approval, as well as a letter explaining why the settlement should be approved.

On October 9, 2012, after reviewing the letter and the agreement, the Court requested that the parties submit further

explanation of why a settlement amount of approximately 58 percent of total claimed damages was fair and appropriate. (Dkt. No. 12.) The Court also required plaintiffs' counsel--whose fees would total approximately one-third of plaintiffs' total settlement recovery--to submit a detailed account of their fees for this action. (Id.)

After reviewing the joint application and the terms of the settlement agreement, the Court finds that the settlement agreement is fair and reasonable in light of the dispute between the parties regarding the merits of plaintiffs' claims, the disparate amounts of evidence in each party's possession, and the possible difficulty in collecting on the settlement award given defendant's size. See, e.g., Meigel v. Flowers of the World NYC, Inc., No. Civ. 465, 2012 WL 70324, at *1 (S.D.N.Y. Jan. 9, 2012) (Forrest, J.) ("Typically, courts regard the adversarial nature of a litigated FLSA case to be an adequate indicator of the fairness of the settlement." (quotation marks omitted)); Clark v. Echolab, Inc., Nos. 07 Civ. 8623, 04 Civ. 4488, 06 Civ. 5672, 2009 WL 6615729, at *3 (S.D.N.Y. Nov. 27, 2009) ("In evaluating the settlement, the Court should keep in mind the unique ability of class and defense counsel to assess the potential risks and rewards of litigation . . ." (quotations omitted)). The fact that the settlement was reached pursuant to arm's length negotiations, in the presence of an approved

mediator, further supports the reasonableness of the settlement. See Morris v. Affinity Health Plan, Inc., 859 F. Supp. 2d 611, 618 (S.D.N.Y. 2012) ("The involvement of . . . an experienced and well-known employment and class action mediator is also a strong indicator of procedural fairness.").

The Court has also reviewed the breakdown of plaintiffs' counsel's fees in this action. Nearly all 50.55 hours of work was performed by the named partner in plaintiff's counsel's firm, at a rate of $450 per hour. One additional attorney expended 4.5 hours of work at a rate of $300 per hour. Plaintiffs' counsel expended $665.00 in costs. The amount of fees and costs total $22,737 and the parties have agreed that plaintiffs' counsel should receive slightly less than that amount for their fees and costs as part of the settlement.

Attorneys' fee awards in FLSA actions should not be thought of as proportional to the plaintiffs' recovery, but rather as a lodestar. See Millea v. Metro-North R.R. Co., 658 F.3d 154, 169 (2d Cir. 2011) (finding that the district court abused its discretion in calculating the fee award in a fee-shifting determination as a proportion of the damages awarded to the plaintiff); Ayres v. 127 Rest. Corp., No. 96 CIV 1255, 1999 WL 328348, at *2 (S.D.N.Y. May 21, 1999) (Chin, J.). Indeed, a lodestar is considered a "presumptively reasonable fee." Millea, 658 F.3d at 166. The rates charged by counsel here are

slightly higher than those approved by district courts in this Circuit. See, e.g., Ibarra v. HSCS Corp., 10 Civ. 5109, 2012 WL 3964735, at *3-4 (S.D.N.Y. Sept. 10, 2012) (Forrest, J.) (reducing an hourly rate of $400 to $350--the middle of the range for "experienced employment law litigators"); Whitney v. JetBlue Airways Corp., No. 07-CV-1397, 2009 WL 4929274, at *7 (E.D.N.Y. Dec. 21, 2009) (noting that $300-$400 per hour is reasonable for partners, and awarding $350 per hour). The Court finds it appropriate to reduce the partner hourly rate to $350 per hour and the associate hourly rate to $275.

In addition, the Court finds excessive the hours billed by a partner for finalizing the complaint and drafting discovery requests. The Court will reduce those hours from 3.45 hours to 2.45 hours and 4.2 hours to 2.2 hours, respectively. Based on the reduction in hourly rates and the three hour reduction in hours, the amount of attorney's fees is reduced to $16,304. The Court finds the costs sought ($300) reasonable. Accordingly, it is hereby

ORDERED that the settlement is judicially approved, except to the extent that the total amount of attorneys' fees and costs shall be reduced to $16,604.

The Clerk of the Court is directed to terminate this action.

SO ORDERED:

Dated: New York, New York
       October 22, 2012

                                            Katherine B. Forrest
                                    UNITED STATES DISTRICT JUDGE